# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLI EPPS as parent and natural guardian of L.B.E., a minor,<br><br>*Plaintiff,*<br><br>   v.<br><br>GEICO SECURE INSURANCE CO.,<br><br>*Defendant.* | <br><br><br><br><br><br><br><br>CIVIL ACTION<br>NO. 23-1337 |

**PAPPERT, J.**                                                              **September 14, 2023**

## MEMORANDUM

    Kelli Epps filed a Motion to Approve Settlement in this personal injury case. (ECF 19).  The Motion is unopposed, and the Court approves the proposed settlement and its allocation and distribution.

I

    Kelli Epps is the parent and natural guardian of L.B.E., a minor struck and injured by a car while walking to the store.  Geico insured Epps under a policy that included coverage for underinsured motorists.  Geico agreed to settle this lawsuit for a gross amount of $50,000.00.  Epps seeks the following allocation: (1) $1,817.32 to attorney Marc. I. Simon and the law firm of Simon & Simon, P.C. for litigation costs; (2) 12,045.67 in attorneys' fees to Simon and the firm; (3) $960.00 to the Philadelphia Fire Department EMS; and (4) $35,177.01 to L.B.E., which will either be used to purchase saving certificates or be deposited in an age-restricted savings account, neither to be

1

withdrawn until L.B.E. reaches the age of majority.  (Mem. In Supp. of Mot. To Approve Settlement at 2, ECF 19).

II

Epps filed suit in the Philadelphia Court of Common Pleas and Geico and the driver of the car involved in the collision removed the case to federal court.  Local Rule 41.2 requires court approval of the settlement because it involves a minor's interest.  *See* E.D. Pa. Local R. 41.2(a) ("No claim of a minor . . . shall be compromised, settled, or dismissed unless approved by the court.") *id*. 41.2(b) (requiring court approval of distribution); *id*. 41.2(c) (requiring court approval of counsel fees, costs or expenses).  "The local rule is procedural, and other federal judges applying it have looked to state law to determine the fairness of the proposed settlement."  *Lee v. Victoria's Secret, LLC*, No. 10-3662, 2012 WL 628015, at *2 (E.D. Pa. Feb. 27, 2012).

Pennsylvania Rule of Civil Procedure 2039(a) similarly provides that "[n]o action to which a minor is a party shall be compromised, settled, or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor."  Pa. R. Civ. P. 2039(a).  Subsection (b) also requires court approval of any agreement for the payment of counsel fees and other expenses out of the settlement fund.  Pa. R. Civ. P. 2039(b).

A

"[I]n considering whether to approve [the] settlement, the Court is charged with protecting the best interests of the minor."  *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 669 (E.D. Pa. 2000).  Relevant to the fairness analysis are the nature and extent of the minor's injuries, the minor's future treatment needs, and anticipated

2

future expenses.  *See Lee*, 2012 WL 628015, at *2.  "Questions of causation and proof are also relevant to the analysis."  *Id.*  When determining the "fair value of the lawsuit," the Court typically gives "considerable weight" to the judgment of counsel and the parties.  *Matter of McLean Contracting*, No. 14-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017) (citation omitted).

Here, experienced counsel negotiated the $50,000 settlement at arm's length and in good faith.  L.B.E. suffered serious injuries which included head trauma and a large frontal hematoma.  Counsel believes that $50,000 fairly compensates L.B.E. for the injuries and is reasonable considering the negligence, insurance funds available, costs of trial and likelihood of success. (Mem. In Supp. of Mot. To Approve Settlement, Exhibit G).  Epps also agrees that the settlement is fair and approves of the distribution.  (*Id.*, Exhibit F).

The Court's independent review of the case confirms the $50,000 settlement is adequate considering L.B.E.'s injuries, minimal outstanding medical expenses and the uncertainty of a litigated outcome.  *Cf. In re Hughes Estate*, 59 Pa. D. & C. 2d 680, 682 (Pa. Ct. Comm. Pl. 1972) ("We have no difficulty in approving the amount of the settlement" because the "risk of recovering something less than the amount achieved by the settlement was a serious one.").

B

The Court must also independently review the settlement's proposed distribution.  *Calvert v. Gen. Accident Ins. Co.*, No. 99-3599, 2000 WL 124570, at *6 (E.D. Pa. Feb. 2, 2000).  One-fourth of the total settlement fund ($12,045.67) is requested for attorneys' fees pursuant to a contingent fee arrangement.  (Mem. In

3

Supp. Of Mot. To Approve Settlement at 2). "[C]ourts should be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties." *Ryan v. Butera, Beausang, Cohen & Brennan*, 193 F.3d 210, 215 (3d Cir. 1999). However, "[r]egardless of any fee agreement, as the protector of the minor's interests, the court must independently investigate the fee to be charged to ensure that it is fair and reasonable." *J.N. v. Penn-Delco Sch. Dist.*, No. 14-1618, 2017 WL 395481, at *4 (E.D. Pa. Jan. 30, 2017). Where the attorneys' fees affect the minor's ultimate award, the Court has "an affirmative duty to be more than a passive, *pro forma* rubber stamp." *Gilmore by Gilmore v. Dondero*, 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990) (citation and internal quotation omitted). The Court "has discretion to adjust the amount of counsel fees to be subtracted from a settlement involving a minor even when a contingency arrangement is in place." *Lee*, 2012 WL 628015, at *3.

Under Pennsylvania law, the Court engages in a two-step analysis to assess the reasonableness of counsel fees in a settlement involving a minor. *Nice*, 98 F. Supp.2d at 670. First, the Court considers "whether the court of common pleas in the county with jurisdiction over the minor has adopted a presumptive lodestar for fees involving the settlement of a minor's claims. Second, if so, the court may adjust that lodestar depending upon the effectiveness of counsel's performance under the circumstances." *Id*. The following factors are relevant to counsel's performance:

> the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question [sic].

4

*Gilmore*, 582 A.2d at 1109–10 (quoting *In re LaRocca's Estate*, 246 A.2d 337 (Pa. 1968)).

Because L.B.E. is a resident of Philadelphia, the county's court of common pleas would have jurisdiction over L.B.E.  That court has adopted a presumptive lodestar of one-third of the net funds recovered.  Phila. Cnty. Ct. Comm. Pls. Local R. 2039(F).  Counsel's fee is twenty-five percent of the net recovery.

The *Gilmore* factors also support counsel's fee.  Counsel investigated the claim, obtained and reviewed medical records, prepared the complaint and negotiated a settlement agreement.  (Mem. In Supp. Of Mot. To Approve Settlement at 2–3).  Counsel's explanation of the nature and extent of services rendered demonstrates the effort involved in resolving this litigation given the uncertain outcome.

C

The Court also finds that counsel's itemized costs of $1,817.32 are reasonable given the costs and expenses associated with this lawsuit.  It is also reasonable to pay $960.00 to the Philadelphia Fire Department EMS.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.